IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMJU INTERNATIONAL TANKER, LTD. § | | |
| § | | |
| versus § | | CIVIL ACTION NO. H-10-601 |
| § | | |
| EMPRESA MARITIMA AMERICANA § | | |
| LTD., et al. § | | |

## ORDER

Pending before the Court are Defendant Eduardo Neri's Motion to Dismiss (Instrument No. 25); Defendant MAPA Logistices S.A. de C.V's Motion to Dismiss (Instrument No. 27); Defendant Empresa Maritima Americana Ltd. ("Defendant EMA")'s Motion to Dismiss (Instrument No. 29); Defendants Sea Adventures Maritime, Inc.'s, Caribe Tankers, Inc.'s, Caribe Tankers, Ltd.'s, and Alexios Vardoulakis's Motion to Dismiss (Instrument No. 31).

Defendant Hasselbach previously made a Motion to Dismiss (Instrument No. 18) which this Court denied. (Instrument No. 48).

On February 25, 2010, Plaintiff filed suit against Defendants Michael Hasselbach, Eduardo Neri, MAPA Logistices S.A. de C.V, EMA, Sea Adventures Maritime, Inc., Caribe Tankers, Inc., Caribe Tankers, Ltd., Alexios Vardoulakis, Sea Adventures Maritime S.A., and Spiros Papanicolaou. (Instrument No. 1). In its Complaint, Plaintiff requests that this Court compel arbitration with all ten of the named Defendants. (see Instrument No. 1, at 19). Plaintiff alleges that the Defendants are alter egos of each other, and are therefore all bound by the arbitration clause in the contract between Plaintiff and Defendant EMA. (*See* Instrument No. 1, at 15, 19).

In Plaintiff's Responses to Defendant's Motions to Dismiss, Plaintiff argues that the issue of whether Defendants are alter egos of each other and therefore bound by the arbitration clause is a threshold issue for this Court to decide prior to arbitration. (*See* Instrument No. 19, at 6;

Instrument No. 32, at 7; Instrument No. 35, at 10, 12, 13; Instrument No. 38, at 9; Instrument No. 41, at 3, 6, 7, 8; Instrument No. 47, at 5-6). Plaintiff furthermore argues that the Defendants other than Defendant EMA cannot participate in arbitration with the Plaintiff because they have not signed the contract with Plaintiff which contains the arbitration clause, and because the Court has not compelled them to arbitrate based on their alter ego status. (*See id.*). Plaintiff argues that the Court should rule that Defendants are alter egos of each other, and then order Defendants to arbitration. (*See id.*).

As detailed below, Defendants Michael Hasselbach, Eduardo Neri, MAPA Logistics S.A. de C.V., EMA, Sea Adventures Maritime, Inc., Caribe Tankers, Inc., Caribe Tankers, Ltd., and Alexios Vardoulakis have stated that they consent to and are participating in arbitration. In their briefs, Defendants Hasselbach, Eduardo Neri, MAPA Logistices S.A. de C.V, EMA, Sea Adventures Maritime, Inc., Caribe Tankers, Inc., Caribe Tankers, Ltd., and Alexios Vardoulakis state that Plaintiff's claims against them are all arbitratable, and that they are all currently participating in arbitration. (Instrument No. 23, at 2; Instrument No. 25, at 1; Instrument No. 27, at 1, 2; Instrument No. 29, at 1, 2; Instrument No. 31, at 3; Instrument No. 43, at 2, 5; Instrument No. 45, at 1, 2).

In support of their claim that they are participating in arbitration, Defendants Eduardo Neri, MAPA Logistices S.A. de C.V, EMA, Sea Adventures Maritime, Inc., Caribe Tankers, Inc., Caribe Tankers, Ltd., and Alexios Vardoulakis have submitted an email dated June 27, 2009 from William Chetwood, Defendant EMA's London Solicitor, to Brian Williamson, Defendant EMA's appointed arbitrator. (Instrument No. 25-1). In the email, Chetwood states that all of the ten named Defendants

> deny any wrongdoing and do not accept that they are parties to or liable under the contract [...] [h]owever without prejudice to that position and to any other defence they may have, they are entirely happy that all issues should be dealt with by the London arbitration tribunal as demanded by the claimant. In these circumstances, we would be grateful if you would confirm that you are happy for your appointment to be extended not only on behalf of EMA but also on behalf of the above named parties.

(Instrument No. 25-1).

Defendants Eduardo Neri, MAPA Logistices S.A. de C.V, EMA, Sea Adventures Maritime, Inc., Caribe Tankers, Inc., Caribe Tankers, Ltd., and Alexios Vardoulakis have also submitted a declaration from William Chetwood stating that he is "a solicitor in London," that he "act[s] in London for all the defendants in this US action," and that "all the defendants have each agreed to arbitrate Amju's breach-of-charter claims and have appointed an arbitrator for that purpose." (Instrument No. 44, at 1).

"Six theories for binding a nonsignatory to an arbitration agreement have been recognized: (a) incorporation by reference; (b) assumption; (c) agency; (d) veil-piercing/alter ego; (e) estoppel; and (f) third party beneficiary." *Bridas S.A.P.I.C. v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003). Under an assumption theory, "a party may be bound by an arbitration clause if its subsequent conduct indicates that it is assuming the obligation to arbitrate." *Ace American Insurance Co., v. Huntsman Corp.*, 255 F.R.D. 179, 193 (S.D. Tex. 2008), citing *Thomson-CSF, S.A., v. American Arbitration Ass'n* 64 F.3d 773, 777 (2d Cir. 1995). Under an estoppel theory, a signatory to an arbitration agreement cannot "'have it both ways': it cannot, on the one hand, seek to hold the non-signatory liable pursuant to duties imposed by the agreement, which contains an arbitration provision, but, on the other hand, deny arbitration's applicability because the defendant is a non-signatory." *Grigson v. Creative Artists Agency, L.L.C.*, 210 F.3d 524, 528 (5th Cir.

2000)(*citing MS Dealer Server Corp. v. Franklin*, 177 F.3d 942, 947 (11th Cir. 1999), *Hughes Masonry Co., Inc. v. Greater Clark County Sch. Bldg. Corp.*, 659 F.2d 836, 838-39 (7th Cir. 1981)).

The Court finds that Defendants Michael Hasselbach's, Eduardo Neri's, MAPA Logistics S.A. de C.V's, EMA's, Sea Adventures Maritime, Inc.'s, Caribe Tankers, Inc.'s, Caribe Tankers, Ltd.'s, and Alexios Vardoulakis's statements that they consent to and are participating in arbitration show that they have assumed the obligation to arbitrate. Furthermore, the Court finds that Plaintiff cannot bar these Defendants from arbitration after first requesting that this Court compel arbitration. The Court hereby orders Defendants Michael Hasselbach, Eduardo Neri, MAPA Logistics S.A. de C.V., EMA, Sea Adventures Maritime, Inc., Caribe Tankers, Inc., Caribe Tankers, Ltd., and Alexios Vardoulakis to arbitration with the Plaintiff. Accordingly, Defendant Eduardo Neri's Motion to Dismiss (**Instrument No. 25**); Defendant MAPA Logistices S.A. de C.V's Motion to Dismiss (**Instrument No. 27**); Defendant Empresa Maritima Americana Ltd. ("Defendant EMA")'s Motion to Dismiss (**Instrument No. 29**); Defendants Sea Adventures Maritime, Inc.'s, Caribe Tankers, Inc.'s, Caribe Tankers, Ltd.'s, and Alexios Vardoulakis's Motion to Dismiss (**Instrument No. 31**) are **DENIED** as moot. This Court will stay the proceedings in the instant case pending the outcome of the arbitration.

On March 4, 2010 and July 12, 2010, Plaintiff filed receipts for summons issued to Defendants Sea Adventure Maritime S.A. and Spiros Papanicolaou. As of July 12, 2010, Dimitri P. Georgantas, the attorney for Defendants Sea Adventures Maritime, Inc., Caribe Tankers, Inc., Caribe Tankers, Ltd., and Alexios Vardoulakis, stated that Defendants Sea Adventure Maritime S.A. and Spiros Papanicolaou had not yet been served. (*See* Instrument No. 31, at 3). Georgantas also stated that Defendants Sea Adventure Maritime S.A. and Spiros Papanicolaou "have consented to proceed with arbitration in London reserving all rights and defenses." (Instrument No. 31, at 3). On

4

August 13, 2010, Plaintiff filed a receipt for a summons issued to Defendant Sea Adventure Maritime S.A. On September 28, 2010, Georgantas filed Answers for Defendants Sea Adventure Maritime S.A. and Spiros Papanicolaou. (Instrument No. 51, Instrument No. 52). In both Answers, Defendants Sea Adventure Maritime S.A. and Spiros Papanicolaou assert that service of process was insufficient. (Instrument No. 51, at 2; Instrument No. 52, at 1). Defendants Sea Adventure Maritime S.A. and Spiros Papanicolaou have not made any motions in the instant case. To date, Plaintiff has not filed any proof of service for Defendants Sea Adventure Maritime S.A. and Spiros Papanicolaou.

Rule 4 of the Federal Rules of Civil Procedure requires plaintiffs to serve defendants with a summons and complaint, and provide proper proof of service. Fed. R. Civ. P. 4.

The Court finds that Plaintiff has not provided any proof of service of Defendants Defendants Sea Adventure Maritime S.A. and Spiros Papanicolaou. Accordingly, the Court hereby dismisses Defendants Sea Adventure Maritime S.A. and Spiros Papanicolaou.

All remaining Defendants are compelled to attend arbitration. This case is stayed and administratively closed. Plaintiff may seek leave to reinstate the case on the Court's docket at the conclusion of the arbitration proceedings or at such time, if ever, that the arbitrators find any Defendant is not subject to arbitration regarding this matter.

The Clerk shall serve a copy of this Order upon all parties.

Signed on this _____ day of October, 2010, at Houston, Texas.

**VANESSA D. GILMORE**
**UNITED STATES DISTRICT JUDGE**